MALVERN BRICK & TILE Co. *v.* LOWERY.

5-1883                                             327 S. W. 2d 87

Opinion Delivered September 14, 1959.

WORKMEN'S COMPENSATION—INJURY IN COURSE OF EMPLOYMENT, WEIGHT AND SUFFICIENCY OF EVIDENCE.—Commission's finding, that claimant's loss of sight in one eye was caused by injuries suffered in the due course of his employment, held substantiated by the evidence.

*Wooten, Land & Matthews,* for appellant.

*James C. Cole,* for appellee.

SAM ROBINSON, Associate Justice. This is a Workmen's Compensation case. Appellee, Arvel Lowery, an employee of the Malvern Brick & Tile Company, lost the sight of an eye. The Workmen's Compensation Commission awarded compensation, the circuit court affirmed the award, and the Brick Company has appealed.

There is no controversy about Lowery's having lost the sight of one eye. The only issue is whether there is any substantial evidence that such loss of sight was caused by injuries suffered by Lowery in the due course of his employment. Of course, if there is such evidence, according to many decisions of this Court, the judgment must be affirmed.

Lowery went to work for the Brick Company in September, 1954. At that time he was examined by a

doctor for the company. Nothing was found to be wrong with Lowery's eyes. The preponderance of the evidence shows that in May, 1955, while on the job he was struck in the eye with a large clod of dirt, and although he did not at that time require the services of a doctor, he did receive first aid and as a result of the injury he was off from work for about a day and a half. The preponderance of the evidence also shows that on May 1, 1956, while on the job, and while operating a cutting torch, he got two pieces of hot metal in his eye. At this time a doctor removed the metal from the eye. On June 22nd, after having got the metal in his eye on May 1st, he complained of not being able to see out of the injured eye. The appellant sent him to Dr. James L. Smith, an eye specialist in Little Rock. Dr. Smith determined that Lowery had lost the sight of the eye. Later, in connection with the claim for compensation by Lowery, Dr. Smith testified that in his opinion the loss of sight was due to an injury, but that the injury occurred a long time prior to May, 1955, when, according to the evidence, claimant was struck in the eye with the clod of dirt while at work. Dr. Smith stated his reasons supporting his opinion, but the Commission did not accept that theory. Lowery testified positively while at work in May, 1955, he was struck in the eye with a clod of dirt. He named the time and place and pointed out an employee of appellant sitting in the courtroom as the person who threw the clod.

Apparently there is no serious dispute about his having got two pieces of hot metal in his eye while at work on May 1, 1956. On June 22, 1956, he complained for the first time of not being able to see out of the eye, and he testified that he had been unable to see out of his eye since that date.

Taking all the evidence into consideration, we cannot say there is no substantial evidence to support the finding that Lowery lost the sight of his eye from an injury received in due course of employment.

Affirmed.